IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER NOBLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00302-P-BP |
| § | |
| CPS – TARRANT COUNTY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Complaint (ECF No. 3) filed on March 8, 2019 by Jennifer Noble ("Noble") and Additional Attachments to Complaint (ECF No. 13) filed on April 30, 2019. This case was referred to the undersigned for pretrial management on April 16, 2019. (ECF No. 12). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.   BACKGROUND**

Noble alleges that Defendant "CPS – Tarrant County" ("CPS") discriminated against her "because of [her] rheumatoid arthritis" in violation of the Americans with Disabilities Act. (ECF No. 12). Noble did not serve process on CPS within ninety days of filing the Complaint. The Court notified her of her failure to serve process and gave her additional time to file proof of proper service, but she did not do so by the extended imposed deadline. (ECF No. 14). On September 10, 2019, Noble submitted ten proposed summons forms to the Clerk of Court. (ECF No. 16). However, these forms were addressed to individuals who are not named as defendants in this case, nor is there any indication that any of the persons is the agent for service of process or other proper

person to be served as the representative of CPS. The Clerk declined to prepare the summonses because the persons identified in the forms were not parties to this case. (*Id.*).

## II. LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Here, Noble failed to serve CPS within ninety days of filing the Complaint. The Court *sua sponte* extended the deadline, but even with the additional time, she failed to prove proper service or good cause for failure to effect timely service.

### III. RECOMMENDATION

Because Plaintiff failed to serve Defendant as required by law, the undersigned recommends that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on September 24, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE